Edward J. Wynne   (SBN 165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett        (SBN 154294)
jebpickett@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900

Gregg I. Shavitz (*pro hac vice* application forthcoming)
gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Ste. 404
Boca Raton, FL 33432
Telephone    (561) 447-8888
Facsimile    (561) 447-8831

Plaintiff's Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. BRANCO, individually and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>ORCHARD SUPPLY COMPANY, LLC,<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**[CLASS ACTION]**<br><br>1.  29 U.S.C. § 216(b)<br>2.  Labor Code §§ 510, 1194<br>3.  B&P § 17200 – Overtime<br>4.  B&P § 17200 – Meal and Rest Breaks<br>5.  Labor Code § 203<br>6.  Labor Code § 226<br><br>**JURY TRIAL DEMANDED** |

1    Lawrence C. Branco on behalf of himself and all others similarly situated, alleges as

2    follows:

3                                    **INTRODUCTION**

4    1.    Plaintiff Lawrence C. Branco brings this action as a Nationwide Representative

5    Action on behalf of all current and former employees of Orchard Supply Company, LLC

6    ("Defendant") employed as Assistant Store Managers within the last three years who elect to opt-

7    in to this action. Plaintiff alleges that he and other Assistant Store Managers were misclassified

8    as exempt employees and therefore denied overtime compensation in violation of the Fair Labor

9    Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

10    2.    Plaintiff also brings this action as a California-only Class on behalf of all of

11    Defendant's current and former Assistant Store Managers employed within the State of

12    California during the last four years through the time this case is certified as a class alleging that

13    they have been misclassified as exempt employees and denied overtime compensation in

14    violation of California labor law.

15    3.    Plaintiff also brings this action as a California-only Waiting Time Penalties Sub-

16    Class on behalf of all former California-based Assistant Store Managers during the last three

17    years through the time this case is certified as a class who were not timely and properly paid their

18    final wages at time of termination in violation of California Labor Code §§ 201-203.

19    4.    Plaintiff is unaware of the names and capacities of all defendants who may have

20    caused or contributed to the harms complained of herein, but will seek leave to amend this

21    complaint once their identities become known. Upon information and belief, Plaintiff alleges that

22    at all relevant times each defendant was the officer, director, employee, agent, representative,

23    alter ego, joint employer, co-employer, or co-conspirator of each of the other defendants, and has

24    engaged in the conduct alleged herein was in the course and scope of and in furtherance of such

25    relationship.

26    5.    The Nationwide Representative Action, the California Sub-Class, and the

27    California Waiting Time Penalties Sub-Class are hereafter collectively referred to as the "Class"

28    or "Classes."

COMPLAINT
[CLASS ACTION]

1      6.    The individual members of the Class are hereafter collectively referred to as the

2    "Class Members."

3    **JURISDICTION AND VENUE**

4      7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29

5    U.S.C. § 216(b) on account of the federal question at issue in this litigation.

6      8.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's

7    state law claims because those claims derive from a common nucleus of operative facts.

8      9.    Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant is subject to personal

9    jurisdiction in this district because its principal place of business is in this judicial district and it

10    conducts business within this judicial district.

11    **PARTIES**

12      10.    Plaintiff Lawrence C. Branco is a resident of the State of California and has been

13    employed by Defendant during the statutory time period covered by this complaint. Plaintiff

14    Branco was employed as an Assistant Store Manager by Defendant.

15      11.    At all relevant times during the applicable class period, Defendant Orchard

16    Supply Company, LCC is a home improvement retailer doing business under the name "Orchard

17    Supply Hardware" and is a wholly owned subsidary of Lowe's Home Centers, LLC. Orchard

18    Supply Hardware's principal place of business and corporate office is located within this judicial

19    district at 6450 Via Del Oro, San Jose, California.

20    **GENERAL ALLEGATIONS**

21      12.    At all times herein mentioned Defendant is a business entity licensed to do

22    business and doing business in the Northern District of California. Defendant owns and operates

23    an industry, business and establishment in multiple separate geographic locations within the

24    State of California, including within the Northern District of California, selling home

25    improvement goods and services. As such, and based on the facts and circumstances incident to

26    Defendant's business in California, Defendant is subject to California Labor Code § 1194,

27    California Business and Professions Code § 17200 *et seq*., (Unfair Practices Act), the applicable

28    Industrial Welfare Commission Wage Orders, and the FLSA.

1    13.    Pursuant to California Labor Code §§ 218, 218.6, and 1194, Plaintiff may bring a

2  civil action for overtime wages directly against the employer without first filing a claim with the

3  California Division of Labor Standards Enforcement and may recover such wages, together with

4  interest thereon, penalties, attorney fees and costs.

5                                    **FACTUAL ALLEGATIONS**

6    14.    As a matter of Defendant's uniform company policy, Plaintiff and all members

7  of the identified classes worked and were regularly scheduled to work as salaried Assistant

8  Store Managers in excess of eight hours per workday and/or in excess of forty hours per

9  workweek without receiving straight time or overtime compensation for such overtime hours

10  worked in violation of California Labor Code §§ 510, 1194, California Industrial Welfare

11  Commission Wage Order 4-2001, and the FLSA.

12    15.    Pursuant to Defendant's realistic expectations, Plaintiff and other Assistant Store

13  Managers were primarily engaged in working on the sales floor engaged in such activities as

14  merchandising, stocking, customer service and doing re-sets. Plaintiff is informed and believes

15  and thereon alleges that some Assistant Store Managers also engaged in cashiering activities.

16    16.    Defendant has failed to meet the requirements for establishing an exemption

17  from the overtime requirements of California and federal law because all class members: (a)

18  regularly spent more than 50% of their time performing nonexempt work, (b) did not

19  customarily and regularly exercise discretion and independent judgment on matters of

20  significance, (c) did not have the authority to hire or fire or make meaningful recommendations

21  regarding same, (d) did not customarily and regularly supervise at least two employees or the

22  equivalent, (e) did not perform work directly related to the management policies or the general

23  business operations of Defendant or Defendant's customers, (f) did perform nonexempt

24  production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with

25  Defendant's realistic expectations, (g) did not customarily and regularly spend more than 50%

26  of their time away from the Defendant's places of business selling or obtaining orders or

27  contracts, and (h) did not earn more than 50% of their compensation in a bona fide commission

28  plan.

3

1

**CLASS ALLEGATIONS**

2        17.    Plaintiff bring this action on behalf of a Nationwide Representative Action

3    pursuant to the FLSA, 29 U.S.C. 216(b) and two California Sub-Classes pursuant to Federal Rule

4    of Civil Procedure 23.

5        18.    The members of the Class and Sub-Classes are so numerous that joinder of all

6    members is impracticable. The exact number of the members of the Classes can be determined

7    by reviewing Defendant's records.

8        19.    Plaintiff will fairly and adequately protect the interests of the Classes and has

9    retained counsel that are experienced and competent in class action and employment litigation.

10   Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

11       20.    A class action suit, such as the instant one, is superior to other available means

12   for fair and efficient adjudication of this lawsuit. The damages suffered by individual members

13   of the Classes may be relatively small when compared to the expense and burden of litigation,

14   making it virtually impossible for members of the Classes to individually seek redress for the

15   wrongs done to them.

16       21.    A class action is, therefore, superior to other available methods for the fair and

17   efficient adjudication of the controversy. Absent these actions, the members of the Classes

18   likely will not obtain redress of their injuries and Defendant will retain the proceeds of its

19   violations of California and United States law.

20       22.    Even if any member of the Classes could afford individual litigation against

21   Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation

22   in one forum will promote judicial economy and parity among the claims of individual members

23   of the Classes and provide for judicial consistency.

24       23.    There is a well-defined community of interest in the questions of law and fact

25   affecting the Classes as a whole. Questions of law and fact common to each of the Classes

26   predominate over any questions affecting solely individual members of the action. Among the

27   common questions of law and fact are:

28           a.    Whether the Classes have been properly classified as exempt by

4

1    Defendant from overtime compensation;

2          b.      Whether the Classes are expected to regularly work hours in excess of

3    forty per week and/or in excess of eight hours per day;

4          c.      How the Classes are compensated; and,

5          d.      Whether the Classes have sustained damages and, if so, what the proper

6    measure of damages is.

7    24.     The answers to these predominant common questions are equally applicable to all

8    Class Members and are answers that will drive resolution of this litigation.

9    25.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a

10   Nationwide Representative Action on behalf of the following similarly situated persons:

11   All current and former employees of Orchard Supply Company,
     LLC in the United States of America with the title "Assistant Store
12   Manager" who worked at any time from three years prior to the
     filing of this Complaint up to the time of certification (the "FLSA
13   class.")

14
     26.     Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiff also alleges a
15
     California-only Class on behalf of:
16
     All current and former employees of Orchard Supply Company,
17   LLC, in California with the title "Assistant Store Manager" who
     worked at any time from four years prior to the filing of this
18   Complaint up to the time of certification (the "California Class.")

19   27.     Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiff also alleges a

20   California-only Waiting Time Penalties Sub-Class on behalf of:

21   All former employees of Orchard Supply Company, LLC, in
     California with the title "Assistant Store Manager" who worked at
22   any time from three years prior to the filing of this Complaint up to
     the time of certification (the "California Sub-Class.")
23

24   28.     Notice of the pendency and any resolution of this action can be provided to

25   Classes by mail, print, and/or internet publication.

26                            **FIRST CAUSE OF ACTION**

27                **(29 U.S.C. § 201 *et seq.* on behalf of the FLSA Class)**

28   29.     Plaintiff incorporates the allegations contained in the previous paragraphs of this

1   Complaint as if fully set forth herein.

2        30.    At all relevant times, Defendant has been and continues to be, an employer

3   engaged in interstate commerce and/or the production of goods for commerce, within the

4   meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5        31.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiff

6   and each member of the FLSA Class within the meaning of the FLSA.

7        32.    As alleged above, Defendant had a policy and practice of failing to properly pay

8   overtime compensation to its Assistant Store Managers for the hours worked in excess of forty

9   hours per week.

10       33.    Defendant's failure to pay Plaintiff and all other members of the FLSA Class for

11  overtime compensation at a rate not less than one and one-half times their regular rate for work

12  performed beyond the 40 hour workweek is in violation of 29 U.S.C. §§ 206, 207.

13       34.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

14  within the meaning 29 U.S.C. § 255(a).

15       35.    Due to the Defendant's FLSA violations, Plaintiff, on behalf of the members of

16  the FLSA Class, are entitled to recover from Defendant unpaid overtime compensation, an

17  additional amount equal as liquidated damages, reasonable attorneys' fees, and costs pursuant to

18  29 U.S.C. § 216(b).

19                            **SECOND CAUSE OF ACTION**

20            **(Labor Code §§ 510, 1194 on behalf of the California Class)**

21       36.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

22  Complaint as if fully set forth herein.

23       37.    California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state

24  that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay,

25  for all hours worked in excess of 40 per week and/or 8 per day.

26       38.    Class members regularly work more than 40 hours per week and/or 8 hours per

27  day but are not paid overtime.

28       39.    Class members do not meet any of the tests for exempt status under the

1  California Wage Orders and/or the California Labor Code.

2      40.     Plaintiff and the California Class seek their unpaid overtime wages including

3  interest thereon and reasonable attorneys' fees and costs pursuant to Labor Code § 1194.

4  **THIRD CAUSE OF ACTION**

5      **(Bus. & Prof. Code § 17203 – Overtime – on behalf of the California Class)**

6      41.     Plaintiff incorporates the allegations contained in the previous paragraphs of this

7  Complaint as if fully set forth herein.

8      42.     Defendant has committed an act of unfair competition under California Business

9  & Professions Code § 17200 *et seq.* by not paying the required state law overtime pay to the

10  members of the California Class.

11      43.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring

12  Defendant to make restitution of all overtime wages due to the California Class.

13  **FOURTH CAUSE OF ACTION**

14  **(Bus. & Prof. Code § 17203 – Meal and Rest Breaks - on behalf of the California Class)**

15      44.     Plaintiff incorporates the allegations contained in the previous paragraphs of this

16  Complaint as if fully set forth herein.

17      45.     In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed

18  to provide and document meal and rest period breaks for the California Class in the number,

19  length and manner as required. At no time has Plaintiff or the California Class entered into any

20  written agreement with Defendant expressly or impliedly waiving their right to their meal and

21  rest breaks. Plaintiff and the California Class have been injured by Defendant's failure to

22  comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages

23  set forth in Labor Code § 226.7 and IWC Wage Order 4-2001 §§ 11 and 12.

24      46.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make

25  restitution of all wages due to the class under this Third Cause of Action.

26  **FIFTH CAUSE OF ACTION**

27      **(Labor Code § 203 on behalf of the California Sub-Class)**

28      47.     Plaintiff incorporates the allegations contained in the previous paragraphs of this

1 Complaint as if fully set forth herein.

2      48.    Plaintiff and the California Sub-Class were discharged by Defendant or

3 voluntarily quit, and did not have a written contract for employment. Defendant, in violation of

4 California Labor Code §§ 201 and 202 *et seq*. had a consistent and uniform policy, practice and

5 procedure of willfully failing to pay the earned and unpaid wages of all such former employees.

6 Defendant has willfully failed to pay the earned and unpaid wages of such individuals,

7 including, but not limited to, straight time, overtime, vacation time, meal and rest wages, and

8 other wages earned and remaining uncompensated according to amendment or proof. Plaintiff

9 and the California Sub-Class did not secret or absent themselves from Defendant nor refuse to

10 accept the earned and unpaid wages from Defendant. Accordingly, Defendant is liable for

11 waiting time penalties for the unpaid wages pursuant to California Labor Code § 203.

12 **SIXTH CAUSE OF ACTION**

13 **(Labor Code §§ 226 – on behalf of the California Class)**

14      49.    Plaintiff incorporates the allegations contained in the previous paragraphs of this

15 Complaint as if fully set forth herein.

16      50.    Defendant, as a matter of corporate policy did not maintain or provide accurate

17 itemized statements in violation of Labor Code § 226.

18      51.    For instance, Defendant did not state or did not accurately state, *inter alia*, the

19 total hours worked, hours worked daily, or the actual hourly rate of Plaintiff and other Assistant

20 Store Managers in their pay statements. Defendant's failure to maintain accurate itemized

21 statements was willful, knowing, intentional, and the result of Defendant's custom, habit,

22 pattern and practice. Defendant's failure to maintain accurate itemized statements was not the

23 result of isolated, sporadic or unintentional behavior. Due to Defendant's failure to comply with

24 the requirements of Labor Code § 226, Plaintiff and other Assistant Store Managers suffered

25 damages.

26      52.    Such a pattern and practice as alleged herein is unlawful and creates an

27 entitlement to recovery by Plaintiff and the identified Class for all damages pursuant to Labor

28 Code § 226, including interest, attorneys' fees and costs.

COMPLAINT
[CLASS ACTION]

1

**PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of all classes,

3   prays for judgment as follows:

4      1.      For an order conditionally certifying the Nationwide Representative Action and

5   for an order directing that notice be sent to all members of the FLSA Class;

6      2.      For an order certifying the claims brought under California law and for an order

7   directing notice be send to all members of the California Class and California Sub-Class;

8      3.      For damages, restitution, penalties, attorney fees and costs; and,

9      4.      For prejudgment interest.

10

11   Dated:  January 24, 2018                          **WYNNE LAW FIRM**

12

13                                                     By:_____*/s/Edward J. Wynne*_____
                                                       Edward J. Wynne

14                                                     80 E. Sir Francis Drake Blvd., Suite 3G
                                                       Larkspur, CA 94939

15                                                     Telephone   (415) 461-6400
                                                       Facsimile    (415) 461-3900

16
                                                       **SHAVITZ LAW GROUP, P.A.**

17                                                     Gregg I. Shavitz (pro hac vice application
                                                       forthcoming)

18                                                     1515 South Federal Highway, Suite 404
                                                       Boca Raton, FL 33432

19                                                     Telephone   (561) 447-8888
                                                       Facsimile    (561) 447-8831

20                                                     *Counsel for Plaintiff and the Putative Classes*

21

22

23

24

25

26

27

28

COMPLAINT
[CLASS ACTION]

1

### JURY DEMAND

2          Plaintiff hereby requests a jury trial on all issues so triable.

3

4  Dated:  January 24, 2018                **WYNNE LAW FIRM**

5

                                           By:_____/s/Edward J. Wynne_____
6                                          Edward J. Wynne
                                           80 E. Sir Francis Drake Blvd., Suite 3G
7                                          Larkspur, CA 94939
                                           Telephone   (415) 461-6400
8                                          Facsimile    (415) 461-3900
9                                          *Counsel for Plaintiff and the Putative Classes*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                                    COMPLAINT
                                                    [CLASS ACTION]