# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LAWRENCE C. BRANCO, KATHY ELLIOTT, individually and on behalf of other members of the general public similarly situated and as proxies for the State of California,<br><br>Plaintiff,<br><br>v.<br><br>ORCHARD SUPPLY COMPANY, LLC,<br><br>Defendant. | Case No.: 5:18-cv-00531-EJD-VKD<br><br>**[CLASS ACTION]**<br><br>~~[PROPOSED]~~ **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Complaint Filed: January 24, 2018 |

This matter came on for hearing on February 13, 2020. Edward J. Wynne appeared for Plaintiffs Lawrence C. Branco and Kathy Elliot (collectively, "Plaintiffs"). Phillip J. Eskenazi appeared for Defendant Orchard Supply Company, LLC ("Defendant"). The Court, having reviewed the submissions described herein, and having heard argument from the foregoing counsel, hereby finds as follows:

The Court finds that the parties conducted substantial formal discovery and informal investigation in connection with the claims asserted in the above-captioned case before entering into the Settlement. The Court further finds that the parties prepared for and engaged in a formal mediation on November 29, 2018, which was presided over by an experienced mediator, Jeffrey A. Ross, Esq. Arm's length settlement discussions continued thereafter for several months through Mr. Ross while the litigation proceeded until a settlement ultimately was reached.

The Parties have submitted their Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its August 8, 2019 Order for Preliminary Approval of Class Action Settlement, Setting A Fairness Determination Hearing And Approval Of Notice To Class (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given adequate notice of the terms of the Settlement and their right to participate in, object to, or exclude themselves from the Settlement where applicable. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the United States Attorney General, the California Attorney General, and the attorneys general of all other states where class members resided at the time notice was issued have been given notice of the Settlement.

Having received and considered the Settlement, Plaintiffs' Amended Motion for Final Approval of the Class Action Settlement, Plaintiffs' Motion For Attorneys' Fees And Costs And Class Representative Award, and the argument received by the Court

at the Final Approval Hearing on February 13, 2020, the Court GRANTS final approval of the Settlement, and hereby ORDERS as follows:

1. The Class covered by this Order is defined as: Those individuals who were employed by Defendant as Assistant Store Managers (i) in California on or after January 24, 2014 or (ii) in Florida or Oregon on or after January 24, 2015; and who (i) did not enter into a severance agreement or an arbitration agreement with Defendant after March 6, 2016 or (ii) submitted a declaration in support of Plaintiffs' Motion for Conditional Class Certification and did not enter into a severance agreement with Defendant. Members of the Settlement Class who worked as Assistant Store Managers for Defendant in California shall be known as the "Rule 23 Sub-Class"; and members of the Settlement Class who worked as ASMs for Defendant in Oregon or Florida shall be known as the "FLSA Sub-Class." Any person who previously settled or released all of the claims covered by this settlement, any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, any person who excluded him or herself from the Rule 23 Sub-Class, or any member of the FLSA Sub-Class who did not opt-in to the settlement, shall not be a member of the Settlement Class.

2. Specific portions of this Order also cover the "PAGA Group," which is defined as: those individuals employed by Defendant as Assistant Store Managers in California on or after November 20, 2016.

3. Pursuant to this Court's Preliminary Approval Order, a Notice of Class Action Settlement, Claim Form, and Exclusion Form were sent to each Class Member by first-class mail as appropriate. These papers informed Class Members of the terms of the Settlement, and the extent of their right to participate in, object to, or exclude themselves from the Settlement to pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing to be heard regarding approval

of the Settlement. Adequate periods of time were provided by each of these procedures. The Notice provided to each Class Member also contained a website address where Class Members could obtain information about the settlement.

4. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process. The Court further finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.

5. Based on the responses of Class Members, the Court finds that the Settlement was well received. According to the Supplemental Declaration of Cassandra Cita of Simpluris, Inc., the "Claims Administrator," participating Class Members have claimed approximately 67.14% of the Net Settlement Fund. There were no objections to the Settlement.

6. For the reasons stated in the Court's Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined in the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

7. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members who have not excluded themselves shall be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8. The Court further finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and

reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members out of the One Million Two Hundred Fifty Thousand Dollar ($1,250,000.00) Maximum Settlement Amount in accordance with the terms of the Settlement.

9. The Court further finds and determines that the Settlement is fair and adequate with respect the claim brought pursuant to California Labor Code Private Attorneys' General Act of 2004, Cal. Lab. Code §2698, *et seq.* ("PAGA"), and the Court approves the form of the payment explanation letter attached as Exhibit H to the Settlement Agreement.

10. The Court hereby grants and approves the application presented by Class Counsel for an award of attorneys' fees in the amount of $312,500, to be paid in accordance with the terms of the Settlement.

11. The Court hereby grants and approves the application presented by Class Counsel for an award of costs and expenses in the amount of $24,785.68, to be paid in accordance with the terms of the Settlement.

12. The Court hereby grants and approves the application presented by the Class Representatives for an incentive award in the amount of $7,500 each for Plaintiffs Lawrence Branco and Kathy Elliott, to be paid in accordance with the terms of the Settlement.

13. The Court hereby grants and approves the application for payment of costs of administration of the settlement including, without limitation, the fees and expenses of the Claims Administrator in the amount of $8,000.

14. The Court hereby approves Habitat for Humanity California and the State Bar of California's Equal Access Fund as the Settlement's *cy pres* designees, which shall share equally in the distribution of any unclaimed funds in accordance with the

terms of the Settlement. The Court finds that those *cy pres* designees have an appropriate nexus to the litigation and the absent class members' interests.

15. Upon completion of administration of the Settlement, the Claims Administrator shall provide written certification of such completion to the Court and counsel for the parties.

16. Released Claims

   (a) <u>Released Claims by Settlement Class Members</u>

Upon the Effective Date of the Settlement (as defined in paragraph 18(a) of the Settlement), the members of the Class, including the Class Representatives, shall release Defendant (*i.e.*, Orchard Supply Company, LLC) and each of its respective past, present and future owners, stockholders, all present and former parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Defendants") from the "Released Claims" as defined below and in paragraph 20 of the Settlement.

For purposes of this Settlement Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities, and causes of action that were asserted in the lawsuit, or could have been asserted in the lawsuit based on the facts alleged, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, for state wage and hour laws, including California Labor Code sections 201–204, 226, 226.7, 510, 512, 515, 1194, 2802; all applicable Industrial Wage Commission Wage

Orders; Business and Professions Code § 17200; the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, *et seq.* ("PAGA"); and all claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA") to the extent the FLSA claims arise out of facts and/or claims asserted or that could have been asserted in the Lawsuit, whether for allegedly unpaid wages, damages, liquidated damages, and/or statutory or civil penalties (including, but not limited to, claims for penalties pursuant to Labor Code §§ 218, 226, 226.3, 558 (including § 558(a)–(e) and all penalties for victim-specific relief), 515, 2699(f)), 2699.3, 2699.5, attorneys' fees and costs (including, but not limited to, attorneys' fees and costs pursuant to Labor Code §§ 218.5, and 2699(g), Code of Civil Procedure §1021.5), or interest arising out of the claims at issue, including, but not limited to: the causes of action asserted in the Lawsuit relating to the alleged misclassification of Defendant's Assistant Store Managers, claims for allegedly unpaid overtime, alleged failures to provide meal periods, alleged failures to provide rest breaks, alleged failures to pay for all hours worked, alleged failures to pay all wages due and owing at termination, alleged failures to pay any other wages, alleged failures to reimburse business expenses, and for any shortcomings, deficiencies, and/or inaccuracies in any wage statements.

      (b)   <u>Released Claims by PAGA Group Members</u>

As of the Effective Date, all PAGA Group Members release Defendant (i.e., Orchard Supply Company, LLC) and each of its respective past, present and future owners, stockholders, all present and former parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without

limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released PAGA Defendants") from the "Released PAGA Claims" as defined below and in paragraph 20 of the Settlement.

For purposes of this Settlement Agreement, the "Released PAGA Claims" are defined as: All claims, demands, rights, liabilities, and causes of action that were asserted, or could have been asserted based on the facts alleged in the First Amended Complaint, on behalf of the PAGA Group Members, pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code § 2698, *et seq.* ("PAGA"), based on alleged violations of Labor Code §§ 201, 202, 203, 226, 226.3, 510, 512, 1194, 2802, and I.W.C. Wage Order No. 7 (including 7-2001), whether for penalties (including, but not limited to penalties pursuant to Labor Code §§ 218, 226, 558 (including § 558(a)–(e) and all penalties for victim-specific relief), 515, 2699(f)), 2699.3, 2699.5, attorneys' fees and costs (including, but not limited to attorneys' fees and costs pursuant to Labor Code §§ 218.5, and 2699(g), Code of Civil Procedure § 1021.5), or interest arising out of the alleged underlying Labor Code violations, including: alleged unpaid overtime, alleged failures to provide meal periods, alleged failures to provide rest breaks, alleged failures to pay for all hours worked, alleged failures to pay all wages due and owing at termination, alleged failures to pay any other wages, alleged failures to reimburse business expenses, and for any shortcomings, deficiencies, and/or inaccuracies in any wage statements.

17. Pursuant to the Settlement, all Class Members (except for those who filed Exclusion Forms) are permanently barred from prosecuting the Released Defendants for any Released Claims. Pursuant to the Settlement, all PAGA Group Members are

permanently barred from prosecuting the Released PAGA Defendants for any Released PAGA Claims.

18. The parties are hereby ordered to comply with the terms of the Settlement.

19. This action and the claims alleged in the First Amended Complaint filed in the action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

20. Without affecting the finality of this Final Order in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

**IT IS SO ORDERED.**

Dated: _____February 20___, 2020

_____
Edward J. Davila
UNITED STATES DISTRICT JUDGE